**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUN ZHENG, | No.   15-71778 |
| Petitioner, | Agency No. A088-894-427 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Jun Zheng, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to the date Zheng left his hometown, whether his father paid the bail bond, and a discrepancy between his testimony and declaration as to "Teacher Jin" who introduced Zheng to Christianity. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Zheng's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Zheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Zheng's CAT claim fails because it is based on the same testimony the agency found not credible, and Zheng does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be

2                                                                                    15-71778

tortured by or with the consent or acquiescence of a public official in China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**